Steven C. Smith, State Bar No. 116246
John S. Clifford, State Bar No. 172263
SMITH LC
3161 Michelson Drive, Suite 925
Irvine, CA  92612
Telephone:  (949) 416-5000
Facsimile:   (949) 416-5555
Email:        ssmith@smith-lc.com
Email:        jclifford@smith-lc.com

Attorneys for Defendants Robert den Hoed
and Molecular Biology International, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD ALKAYALI, an individual; and CERTIFIED NUTRACEUTICALS, INC., a California Corporation,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ROBERT DEN HOED, an individual; MOLECULAR BIOLOGY INTERNATIONAL, INC., an Iowa Corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No: 3:18-cv-00777-H-JMA<br><br>Assigned to:   Judge Marilyn L. Huff<br>Magistrate Judge: Jan M. Adler<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS**<br><br>Hearing Date:   June 4, 2018<br>Hearing Time:   10:30 a.m.<br>Judge:             Hon. Marilyn L. Huff<br>Courtroom:        15A |

SMITH LC

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ 2

TABLE OF AUTHORITIES ................................................................ 3

INTRODUCTION ................................................................................. 5

STANDARDS OF REVIEW ................................................................ 6

ANALYSIS ........................................................................................... 8

    I.    Ahmad Alkayali lacks standing to assert a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to, or a third-party beneficiary of, the contract. ........... 8

    II.    The complaint fails to state a plausible claim against Robert den Hoed for breach of contract or breach of the implied covenant of good faith and fair dealing because he, like Alkayali, is not a party to the contract in his individual capacity. ............................................................................................... 10

    III.   The complaint does not contain any well-pleaded factual allegations that would support a plausible claim for negligent misrepresentation against either of the defendants. ............................................................................................... 12

        A.   The complaint does not state a plausible claim for negligent misrepresentation under Iowa law. ................................................................. 12

        B.   The complaint does not state a plausible claim for negligent misrepresentation under California law. ....................................................... 15

    IV.   The complaint fails to allege facts that would support a facially plausible claim for declaratory relief recognizing that either Alkayali or Certified Nutraceuticals possesses a joint ownership interest in the '106 Patent. ........... 16

    V.    The complaint lacks a legally cognizable theory supporting the prayer for relief's request for disgorgement of profits and attorneys' fees. ...................... 20

CONCLUSION ................................................................................... 21

SMITH LC

1

**TABLE OF AUTHORITIES**

2

<u>**Cases**</u>

3

*Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, Case No. 2:16-cv-00148,
  2016 WL 4192439 (E.D. Cal. Aug. 9, 2016) (unpublished)................................ 7

*Arno v. Club Med Inc.*, 22 F.3d 1464 (9th Cir. 1994)........................................ 7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 6

*Balisteri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ........................ 6

*Baum v. Helget Gas Prod., Inc.*, 440 F.3d 1019 (8th Cir. 2006) ........................ 14

*Bily v. Arthur Young & Co.*, 834 P.2d 745 (Cal. 1992) .................................... 15

*Bossuyt v. Osage Farmers Nat'l Bank*, 360 N.W.2d 769 (Iowa 1985)................ 11

*Clearly Canadian Beverage Corp. v. Am. Winery, Inc.*, 257 F.3d 880 (8th Cir.
  2001)................................................................................................................ 14

*Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F. Supp. 1109 (N.D. Cal.
  1998)................................................................................................................ 7

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006) ................................ 10

*Freeman v. Ernst & Young*, 516 N.W.2d 835 (Iowa 1994) ................................ 12

*Friedman v. Merck & Co.*, 131 Cal. Rptr. 2d 885 (Ct. App. 2003) .................... 15

*Hatchwell v. Blue Shield of Cal.*, 244 Cal. Rptr. 249 (Ct. App. 1988) ................ 9

*Iowa Arboretum, Inc. v. Iowa 4-H Foundation*, 886 N.W.2d 695 (Iowa 2016)..... 9

*Jones v. Aetna Casualty & Surety Co.*, 33 Cal. Rptr. 2d 291 (Ct. App. 1994) ....... 9

*Kuehl v. Freeman Bros. Agency, Inc.*, 521 N.W.2d 714 (Iowa 1994) .................. 11

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).................................... 6

*Meier v. Alfa-Laval, Inc.*, 454 N.W.2d 576 (Iowa 1990)................................ 13, 14

*Potter v. Oster*, 426 N.W.2d 148 (Iowa 1988)...................................................... 20

*Sain v. Cedar Rapids Community Sch. Dist.*, 626 N.W.2d 115 (Iowa 2001) . 13, 14

*SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010)...... 17, 18

*Stockton Mortg., Inc. v. Tope*, 183 Cal. Rptr. 3d 186 (Ct. App. 2014)................. 16

*Syngenta Seeds, Inc. v. Bunge N. Am., Inc.*, 773 F.3d 58 (8th Cir. 2014) ............. 9

*Tarman v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861 (Ct. App. 1991). 16

*Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445 (Iowa 2017) .................... 20

*Trope v. Katz*, 902 P.2d 259 (Cal. 1995)................................................................ 21

SMITH LC

3

*U.S. v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .......................................................... 6

*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*,
   463 P.2d 770 (Cal. 1970) ....................................................................................... 11

*Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684
   (Iowa 2010) ..................................................................................................... 13, 14

## Statutes

28 U.S.C. § 2201 ........................................................................................................ 8

35 U.S.C. § 115 ......................................................................................................... 17

35 U.S.C. § 116 ......................................................................................................... 17

35 U.S.C. § 151 ......................................................................................................... 17

35 U.S.C. § 152 ......................................................................................................... 17

35 U.S.C. § 261 ......................................................................................................... 17

35 U.S.C. § 262 ......................................................................................................... 19

35 U.S.C. § 271 ......................................................................................................... 17

## Rules

Fed. R. Civ. P. 12 ....................................................................................................... 6

Fed. R. Evid. 201 ........................................................................................................ 7

## Treatises

Restatement (Second) of Contracts § 344 (1981) ................................................... 20

Restatement (Second) of Contracts § 345 (1981) ................................................... 20

Restatement (Second) of Contracts § 347 (1981) ................................................... 20

Restatement (Second) of Contracts § 349 (1981) ................................................... 20

Restatement (Second) of Contracts § 370 (1981) ................................................... 20

Restatement (Second) of Contracts § 371 (1981) ................................................... 20

Restatement (Second) of Torts § 552 (1977) ............................................... 12, 13, 15

SMITH LC

**INTRODUCTION**

Plaintiffs Ahmad Alkayali ("Alkayali") and Certified Nutraceuticals, Inc. brought this action against Defendants Robert den Hoed ("den Hoed") and Molecular Biology International, Inc. ("MBI"), asserting causes of action against both defendants for breach of contract and breach of the implied covenant of good faith and fair dealing relating to an "Exclusivity Agreement" between MBI and Certified Nutraceuticals, a cause of action against both defendants for negligent misrepresentation based on the alleged breach of a promise by MBI in that agreement, and a request for a declaratory judgment that Alkayali and Certified Nutraceuticals are joint owners of U.S. Patent No. 8,344,106 B1 (the '106 Patent) with den Hoed and MBI. The complaint, however, fails to state a claim on which relief can be granted as to the majority of the causes of action alleged, and remedies prayed for, by the plaintiffs.

Alkayali should be dismissed as a plaintiff on the causes of action for breach of contract (first cause of action) and breach of the implied covenant of good faith and fair dealing (second cause of action) because he is not a party to, or a third-party beneficiary of, the contract at issue and therefore lacks standing to enforce the agreement or recover damages for its alleged breach. den Hoed should be dismissed as a defendant on these same two causes of action because he, too, is not a party to the contract and cannot be held liable for its alleged breach. The third cause of action for negligent misrepresentation should be dismissed in its entirety because neither of the defendants owed a duty of care to the plaintiffs that would give rise to a viable negligent misrepresentation claim, the facts alleged in the complaint are insufficient to establish either of the defendants acted negligently in ascertaining the veracity of the statement that forms the basis of the negligent misrepresentation claim, and the facts alleged in the complaint do not support a reasonable inference that Alkayali justifiably relied to his detriment on the alleged misrepresentation. The fourth cause of action for declaratory relief should also be

dismissed in its entirety because the complaint fails to allege sufficient facts that, even if accepted as true, would allow the court to draw a reasonable inference that Alkayali or Certified Nutraceuticals is a joint owner of the '106 Patent. And the complaint fails to set forth a cognizable legal theory that would allow for recovery of the prayed-for remedies of disgorgement of the defendants' profits and an award of attorneys' fees in favor of the plaintiffs.

## STANDARDS OF REVIEW

### *Rule 12(b)(6) motion to dismiss*

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim on which relief can be granted. A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on a Rule 12(b)(6) motion, a district court may consider certain materials outside of the pleadings without converting the motion to dismiss into a motion for summary judgment—including documents attached to the complaint, documents incorporated by reference in the complaint, or matters of public record of which the court can take judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment."). Because patents and documents from the file history of a patent are matters of public record

SMITH LC

that are susceptible of judicial notice under Federal Rule of Evidence 201, den Hoed and MBI are requesting this court take judicial notice of a copy of the '106 Patent (attached as Exhibit 1 to the concurrently filed request for judicial notice) and a copy of the United States Patent and Trademark Office's (USPTO) assignment abstract of title for the '106 Patent (attached as Exhibit 2 to the concurrently filed request for judicial notice). *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, Case No. 2:16-cv-00148, 2016 WL 4192439, *3 (E.D. Cal. Aug. 9, 2016) (unpublished) (taking judicial notice of a copy of a patent and a copy of the file history for a patent and considering those documents in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to a motion for summary judgment); *Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F. Supp. 1109, 1114 (N.D. Cal. 1998) (granting defendant's request for judicial notice of two patents and documents from the file history of one of the patents). Should the court, however, conclude that it cannot consider these documents without converting this motion into a motion for summary judgment, den Hoed and MBI ask the court to exclude them. Neither den Hoed nor MBI wants this motion converted to a motion for summary judgment.

### *Choice of law*

This court applies California's choice-of-law rules in deciding which jurisdiction's law governs Alkayali's and Certified Nutraceutical's state-law claims. *Arno v. Club Med Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994). California applies a three-part governmental interest test to determine which state's law governs state-law tort claims. *Id.* Under this test, a court considers (1) whether the two states' laws actually differ; (2) if the two states' laws differ, the court examines each state's interest in applying its law to determine whether there is a "true conflict"; and (3) if each state has a legitimate interest in applying its law, the court compares the impairment to each jurisdiction under the other's rule of law. *Id.*

SMITH LC

1  For breach of contract claims, there is a difference of opinion as to whether
2  California's governing choice-of-law rule is the governmental interest test or the
3  test set forth in California Civil Code section 1646, which states: "A contract is to
4  be interpreted according to the law and usage of the place where it is to be
5  performed; or, if it does not indicate a place of performance, according to the law
6  and usage of the place where it is made." *Id.* at 1468 n.6.

7  To decide this motion to dismiss, this court need not resolve the question of
8  which of the two tests described above applies to determine the governing law for
9  the breach of contract claims, nor does this court need to actually perform the
10  analysis under the applicable choice-of-law test(s) to determine which
11  jurisdiction's law governs the state-law claims challenged in this motion. Under the
12  law of either of the two jurisdictions (California and Iowa) whose law could
13  potentially govern the state-law claims addressed in this motion, the result is the
14  same: Alkayali should be dismissed as a plaintiff, den Hoed should be dismissed as
15  a defendant, and the negligent misrepresentation claim should be dismissed in its
16  entirety.[1]

## ANALYSIS

## I. Ahmad Alkayali lacks standing to assert a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to, or a third-party beneficiary of, the contract.

Alkayali's causes of action for breach of contract (first cause of action) and
breach of the implied covenant of good faith and fair dealing (second cause of
action) should be dismissed for failure to state a claim upon which relief can be
granted because he lacks standing to enforce the contract at issue or recover
damages for its breach. Alkayali is not a party to the contract, nor is he a third-party
beneficiary of it.

---

[1] Because the case has been removed to federal court, the federal Declaratory
Judgment Act governs the claim for declaratory relief. *See* 28 U.S.C. § 2201(a).

SMITH LC

1 A copy of the "Exclusivity Agreement" that forms the basis of the first two

2 causes of action is attached as Exhibit A to the complaint. The first paragraph of

3 that contract identifies the parties to the agreement as MBI (which the contract

4 refers to as "Manufacturer") and Certified Nutraceuticals (which the contract refers

5 to as "Marketer"). Alkayali is not listed as a party to the contract, and there are no

6 provisions in the contract that could support a plausible inference that the parties

7 intended Alkayali to be a party to the agreement or a third-party beneficiary of any

8 of its provisions. The only time Alkayali's name appears in the contract is in the

9 signature block where he signed the agreement on behalf of Certified

10 Nutraceuticals in his representative capacity as its CEO and president.

11 Under California law, "[s]omeone who is not a party to the contract has no

12 standing to enforce the contract or to recover extra-contract damages for wrongful

13 withholding of benefits to the contracting party." *Hatchwell v. Blue Shield of Cal.*,

14 244 Cal. Rptr. 249, 253 (Ct. App. 1988). So a nonparty to a contract, like Alkayali,

15 lacks standing to bring a claim for breach of both an express provision of the

16 contract and the covenant of good faith and fair dealing implied by law into the

17 contract. *Id.*; *see also Jones v. Aetna Casualty & Surety Co.*, 33 Cal. Rptr. 2d 291,

18 294 (Ct. App. 1994).

19 The result is the same under Iowa law. Because Alkayali was not a party to

20 the contract and there is no evidence the parties intended him to be a third-party

21 beneficiary, he lacks standing to sue to enforce both the express terms of the

22 agreement and the covenant of good faith and fair dealing implied by law therein.

23 *Syngenta Seeds, Inc. v. Bunge N. Am., Inc.*, 773 F.3d 58, 64 (8th Cir. 2014) ("A

24 nonparty becomes legally entitled to a benefit promised in a contract … only if the

25 contracting parties so intend."); *Iowa Arboretum, Inc. v. Iowa 4-H Foundation*, 886

26 N.W.2d 695, 706 (Iowa 2016) (to establish a claim for breach of contract, the

27 plaintiff must generally show the existence of a contract between the plaintiff and

28 the defendant); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477

SMITH LC

(2006) ("[I]t is fundamental corporation and agency law—indeed, it can be said to be the whole purpose of corporation and agency law—that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts.")

In the absence of standing to assert the claims, this court should dismiss Alkayali as a plaintiff with respect to the first cause of action for breach of contract and the second cause of action for breach of the implied covenant of good faith and fair dealing. The dismissal should be with prejudice and without leave to amend because it is plain on the face of the contract that Alkayali is neither a party to nor a third-party beneficiary of the agreement and therefore cannot sue to enforce either its express provisions or the implied covenant of good faith and fair dealing. No amendment will cure this deficiency.

**II.** **The complaint fails to state a plausible claim against Robert den Hoed for breach of contract or breach of the implied covenant of good faith and fair dealing because he, like Alkayali, is not a party to the contract in his individual capacity.**

The court should dismiss the causes of action alleged in the complaint against den Hoed for breach of contract (first cause of action) and breach of the implied covenant of good faith and fair dealing (second cause of action) because he is not a party to the agreement being sued on. Like Alkayali, den Hoed signed the Exclusivity Agreement solely in his representative capacity as an officer of one of the corporations that is a party to the contract; he did not bind himself individually. Accordingly, den Hoed cannot be held personally liable for any alleged breach of the agreement or the covenant of good faith and fair dealing implied by law into the contract.

As explained above, there are only two parties to the contract at issue: MBI (referred to the in contract as the "Manufacturer") and Certified Nutraceuticals (referred to in the contract as the "Marketer"). Although den Hoed signed the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS

contract, he did so solely in his capacity as president of MBI. Under California law, "[d]irectors and officers are not personally liable on contracts signed by them for and on behalf of the corporation unless they purport to bind themselves individually." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970). Likewise, under Iowa law a corporate officer who signs a contract on behalf of the corporation is not personally liable for damages arising out of an alleged breach of the contract. *Kuehl v. Freeman Bros. Agency, Inc.*, 521 N.W.2d 714, 720 (Iowa 1994) ("[I]f the name of the principal and the relation of agency be stated in the writing, and the agent is authorized to make the contract or obligation, the principal alone is bound, unless the intention is clearly expressed to bind the agent personally."); *see also Bossuyt v. Osage Farmers Nat'l Bank*, 360 N.W.2d 769, 778 (Iowa 1985) ("As a matter of agency law, a corporate officer is not ordinarily liable in damages for breach of a contract by the corporation; the corporation as the principal is liable.")

Here, there is no language in the contract, nor are there any well-pleaded facts in the complaint, that would support even an inference that den Hoed purported to bind himself individually when he signed the contract. In fact, Alkayali and Certified Nutraceuticals explicitly acknowledge in the complaint that the promise they claim was breached—namely the promise to sell products exclusively to Certified Nutraceuticals—was an obligation assumed solely by MBI. (*See* Doc. 1-2 at ¶ 9.) den Hoed cannot therefore be held liable for breach of the contract, or breach of the covenant of good faith and fair dealing implied by law into the contract, under either California or Iowa law. As a result, the first two causes of action asserted against him in the complaint should be dismissed for failure to state a claim upon which relief can be granted, regardless of which state's law governs those claims.

### III. The complaint does not contain any well-pleaded factual allegations that would support a plausible claim for negligent misrepresentation against either of the defendants.

The third cause of action in complaint for negligent misrepresentation should be dismissed in its entirety with prejudice and without leave to amend because the facts alleged in the complaint, even if accepted as true, fail as a matter of law to establish a viable claim for negligent misrepresentation under either Iowa or California law. den Hoed and MBI did not owe a duty of care to Alkayali or Certified Nutraceuticals, they did not act negligently in allegedly failing to ascertain the truth of the promise in the contract on which Alkayali and Certified Nutraceuticals base their negligent misrepresentation claim, and Alkayali (who was not a party to the contract) did not justifiably rely on the promise to his detriment.

### A. The complaint does not state a plausible claim for negligent misrepresentation under Iowa law.

In Iowa, the genesis of the tort of negligent misrepresentation can be found in the Restatement (Second) of Torts section 552. *See Freeman v. Ernst & Young*, 516 N.W.2d 835, 837 (Iowa 1994). That section provides, in pertinent part:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

> (2) Except as stated in Subsection (3) [not applicable in this case], the liability stated in Subsection (1) is limited to loss suffered

>> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

>> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or

SMITH LC

in a substantially similar transaction.

Restatement (Second) of Torts § 552(1)-(2) (1977).

Although Iowa courts generally follows Restatement section 552 when defining the scope of a cognizable negligent misrepresentation claim, *Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 690-92 (Iowa 2010), they take a more restrictive view than the Restatement on the duty of care element of the tort, *Sain v. Cedar Rapids Community Sch. Dist.*, 626 N.W.2d 115, 124 (Iowa 2001). Under that more restrictive view, a defendant owes a duty of care to the plaintiff only when the defendant is "in the business or profession of supplying information to others." *Id.* Examples include an accountant who prepares financial statements that he knows will be reviewed by prospective investors and an investment broker who supplies information to an investor. *See Meier v. Alfa-Laval, Inc.*, 454 N.W.2d 576, 581 (Iowa 1990) (citing cases). In these types of circumstances, the defendant is acting "in an advisory capacity and is manifestly aware of the use that the information will be put, and intends to supply it for that purpose." *Sain*, 626 N.W.2d at 124. By contrast, a duty of care does not arise in commercial transactions where the parties are dealing at arm's length. *Id.*; *Meier*, 454 N.W.2d at 581. The law of contract and warranty provide the more appropriate remedies for misstatements made during the sale of merchandise and products. *Van Sickle*, 783 N.W.2d at 691; *Meier*, 454 N.W.2d at 581-82.

Here, the complaint does not plead any factual allegations that would give rise to a reasonable inference that either den Hoed or MBI owed a duty of care to Alkayali or Certified Nutraceuticals sufficient to support a plausible negligent misrepresentation claim. Neither den Hoed nor MBI was in the business or profession of supplying information to others. Instead, with respect to the transaction at issue, the contract characterizes MBI as a manufacturer who will be manufacturing specified products and selling them exclusively to Certified Nutraceuticals, which would market and sell the products. This arrangement is a

SMITH LC

1    typical, arm's length commercial transaction lacking the kind of special

2    relationship necessary to give rise to a duty of care that would support a tort claim

3    for negligent misrepresentation. *Van Sickle*, 783 N.W.2d at 691; *Sain*, 626 N.W.2d

4    at 124; *Meier*, 454 N.W.2d at 581-82.

5           Nor does the complaint plead any factual allegations that, if accepted as true,

6    would establish den Hoed or MBI failed to exercise reasonable care or competence

7    in obtaining or communicating information to Alkayali or Certified Nutraceuticals.

8    The only allegedly false representation Alkayali and Certified Nutraceuticals

9    identify in the complaint is MBI's agreement in the contract that it would sell the

10   specified products exclusively to Certified Nutraceuticals. (*See* Doc. 1-2 at ¶ 27.)

11   Alkayali and Certified Nutraceuticals allege den Hoed (who was not even a party

12   to the contract in which the promise appears) and MBI made the promise without

13   reasonable grounds for believing it was true merely because MBI later allegedly

14   sold products to third parties in violation of the agreement. (*Id.*) But even if the

15   allegation that MBI later breached the agreement by selling products to third parties

16   is accepted as true for purposes of this motion (MBI otherwise denies the

17   allegation), that does not demonstrate den Hoed or MBI acted negligently in

18   ascertaining the veracity of this promise at the time it was made and communicated

19   to Certified Nutraceuticals. "A claim does not lie for negligent misrepresentation

20   of a speaker's future intent because it is impossible to be negligent in failing to

21   ascertain the truth or falsity of one's own future intentions." *Clearly Canadian*

22   *Beverage Corp. v. Am. Winery, Inc.*, 257 F.3d 880, 893 (8th Cir. 2001) (internal

23   quotation marks and citation omitted); *see also Baum v. Helget Gas Prod., Inc.*,

24   440 F.3d 1019, 1023–24 (8th Cir. 2006) ("A negligent misrepresentation claim

25   cannot arise solely from evidence that the defendant did not perform according to

26   a promise or statement of future intent.").

27          The complaint also fails to plead any factual allegations that would support

28   a plausible claim that Alkayali, in his individual capacity, suffered loss through

SMITH LC

reliance on the promise made in the contract that MBI would sell the specified products exclusively to Certified Nutraceuticals. In the absence of such reliance and resulting personal economic losses, Alkayali is not a proper plaintiff to the negligent misrepresentation cause of action. *See* Restatement (Second) of Torts § 552(2).

Because the factual allegations alleged in the complaint, even if accepted as true, fail to establish the necessary elements of a negligent misrepresentation claim under Iowa law, the third cause of action should be dismissed in its entirety if Iowa law applies to the negligent misrepresentation claim.

**B.   <u>The complaint does not state a plausible claim for negligent misrepresentation under California law.</u>**

California law treats negligent misrepresentation as a species of the tort of deceit: "Where the defendant makes false statements, honestly believing that they are true, but without reasonable grounds for such relief, he may be liable for negligent misrepresentation, a form of deceit." *Bily v. Arthur Young & Co.*, 834 P.2d 745, 768 (Cal. 1992) (citation omitted). California courts have recognized two situations in which a duty to communicate accurate information is imposed, which if breached can give rise to a claim for negligent misrepresentation: "where providing false information poses a risk of and results in physical harm to person or property," or "where information is conveyed in a commercial setting for a business purpose." *Friedman v. Merck & Co.*, 131 Cal. Rptr. 2d 885, 901 (Ct. App. 2003). With respect to situations where information is conveyed in a commercial setting for a business purpose, California courts (like the courts in Iowa) follow the Restatement (Second) of Torts section 552(b)'s limitation on the class of persons who are entitled to bring a claim for negligent misrepresentation against the supplier of information. *Bily*, 834 P.2d at 769.

Here, the statement on which Alkayali and Certified Nutraceuticals base their negligent misrepresentation claim is not actionable as a matter of law under

SMITH LC

California law. As explained above, the only supposedly false statement identified by Alkayali and Certified Nutraceuticals in their complaint as the basis for the negligent misrepresentation claim is MBI's agreement that it would sell the specified products exclusively to Certified Nutraceuticals. "A representation generally is not actionable unless it is about past or existing facts." *Stockton Mortg., Inc. v. Tope*, 183 Cal. Rptr. 3d 186, 203 (Ct. App. 2014) (internal quotation marks and citation omitted). "Although a false promise to perform in the future can support an *intentional* misrepresentation claim, it does not support a claim for *negligent* misrepresentation." *Id.* MBI's agreement in the contract that it would sell the specified products exclusively to Certified Nutraceuticals was a promise of future performance and thus cannot be the basis for a negligent misrepresentation cause of action under California law. *Id.*; *Tarman v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861, 863-64 (Ct. App. 1991).

Additionally, for the same reasons the complaint fails to plead Alkayali's justifiable reliance under Iowa law, the complaint also fails to plead Alkayali's justifiable reliance under California law for the tort of negligent misrepresentation. So for that additional reason, the negligent misrepresentation claim should be dismissed as to Alkayali if California law governs the tort claim.

Because the complaint fails to allege a viable cause of action for negligent misrepresentation under either Iowa or California law, the negligent misrepresentation cause of action should be dismissed in its entirety, regardless of which state's law applies to the claim.

## IV. The complaint fails to allege facts that would support a facially plausible claim for declaratory relief recognizing that either Alkayali or Certified Nutraceuticals possesses a joint ownership interest in the '106 Patent.

In the fourth cause of action, Alkayali and Certified Nutraceuticals seek declaratory relief in the form of a judicial determination that they jointly own the '106 Patent with den Hoed and MBI. Alkayali's and Certified Nutraceutical's claim

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS

SMITH LC

to joint ownership of the '106 Patent with den Hoed and MBI is premised solely on the following whereas clause (the "Whereas Clause") in the Exclusivity Agreement attached as Exhibit A to the complaint:

> Whereas Manufacturer and Marketer jointly and collectively are the owner of certain intellectual properties specifically known as US Patent 8,344,106 B1, kollaGen II-xs, kollaGen I.V.X, and TendoGuard (hereinafter the Products)

(Doc 1-2, Ex. A). But that single, ambiguously-worded clause in what Alkayali and Certified Nutraceuticals characterize as a "brokering" agreement between MBI and Certified Nutraceuticals for the sale of products manufactured using methods protected by the '106 Patent is insufficient as a matter of law to create a cognizable claim to joint ownership of the '106 Patent on the part of either Alkayali or Certified Nutraceuticals. The fourth cause of action should therefore be dismissed for failure to state a claim upon which relief can be granted.

Patents issued by the USPTO confer upon the patent holder the right to exclude others from making, using, or selling the invention throughout the United States, as well as the right to prevent others from importing the invention into the United States. 35 U.S.C. § 271. Patents have the attributes of personal property and are assignable in law by an instrument in writing. 35 U.S.C. § 261. The initial owner of a patent is the inventor or, in the case of a joint invention, the co-inventors, unless one or more of the inventors assign their rights to the patent application before the patent issues. *See* 35 U.S.C. §§ 115, 116, 151, 152. The USPTO maintains a register of interests in patents and applications for patents and records any document related thereto upon request. 35 U.S.C. § 261. The recording of an assignment with the USPTO "creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1328 (Fed. Cir. 2010); *see also* 35 U.S.C. § 261 ("An interest that constitutes an assignment, grant or conveyance shall

SMITH LC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS

be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage.").

Here, the inventors of the '106 Patent were den Hoed and Dana Summers. (*See* Request for Judicial Notice in Support of Rule 12(b)(6) Motion to Dismiss, Ex. 1.) The claims covered by the patent relate to methods of making a collagen mixture that includes a portion of unhydrolyzed eggshell membrane collagen and a portion of Avian collagen. (*Id.*) The sole recorded assignment of the '106 Patent occurred on June 7, 2012—approximately six months before the '106 Patent issued on January 1, 2013—when Summers assigned his interest in the '106 Patent to den Hoed. (*Id.* at Ex. 2.) This recorded assignment creates a rebuttable presumption that den Hoed was the sole owner of the patent from the date of its issuance onward. *SiRF Tech*, 601 F.3d at 1328.

The complaint contains no allegations that den Hoed ever assigned title to the patent to Alkayali or Certified Nutraceuticals. Instead, Alkayali and Certified Nutraceuticals rely solely on the Whereas Clause in the Exclusivity Agreement to support their claim to a joint ownership interest in the '106 Patent. But even if the clumsily-worded Whereas Clause is read as a statement by MBI and Certified Nutraceuticals that the two companies jointly owned the '106 Patent, the complaint contains no factual allegations that support a reasonable inference that den Hoed transferred title to the '106 Patent to MBI such that MBI could transfer a joint ownership interest in the patent to Certified Nutraceuticals. And the Whereas Clause says nothing about Alkayali owning any ownership interest whatsoever in the '106 Patent; he was neither the "Manufacturer" (which the agreement specifies was MBI) nor the "Marketer" (which the agreement specifies was Certified Nutraceuticals) referred to in the Whereas Clause. Accordingly, the ambiguous language in the Whereas Clause does not support a plausible claim of joint

SMITH LC

1   ownership in the '106 Patent by either Alkayali or Certified Nutraceuticals.

2   The better and more logical reading of the clumsily-worded Whereas Clause

3   is that it was intended to recognize that, as between MBI (the "Manufacturer") and

4   Certified Nutraceuticals (the "Marketer"), at least one of the parties owned

5   intellectual property rights in the '106 Patent and the products or trademarks

6   referred to in the agreement as "kollaGen II-xs," "kollaGen I.V.X," and

7   "TendoGuard." As part of an arm's length transaction between unrelated parties,

8   MBI and Certified Nutraceuticals then agreed that MBI would manufacture certain

9   products covered by those intellectual property rights, that MBI would sell those

10  products exclusively to Certified Nutraceuticals, that Certified Nutraceuticals

11  would purchase the products exclusively from MBI, and that Certified

12  Nutraceuticals would market and sell only those products and would refrain from

13  buying or selling similar items from other manufacturers, with one exception. (Doc.

14  1-2 at Ex. A, §§ 1-2.) If Alkayali and Certified Nutraceuticals held a joint

15  ownership interest in the '106 Patent, it would beg the question why such an

16  agreement would even be necessary. Generally, "the joint owners of a patent may

17  make, use, offer to sell, or sell the patented invention within the United States, or

18  import the patented invention into the United States, without the consent of and

19  without accounting to the other owners." 35 U.S.C. § 262. So if Certified

20  Nutraceuticals was actually a joint owner of the '106 Patent, rather than a non-

21  owner seeking permission to market and sell products covered by the patent, it

22  makes no sense why it would need an agreement allowing it to exercise rights it

23  already held and for which it needed no consent from the other join owners of the

24  patent.

25  The complaint therefore fails to allege sufficient factual matter to state a

26  facially plausible claim that Alkayali or Certified Nutraceuticals is a joint owner of

27  the '106 Patent. Accordingly, the fourth cause of action seeking a declaratory

28  judgment that Alkayali and Certified Nutraceuticals are joint owners of the '106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS

Patent should be dismissed for failure to state a claim upon which relief can be granted.

## V.   The complaint lacks a legally cognizable theory supporting the prayer for relief's request for disgorgement of profits and attorneys' fees.

The court should dismiss with prejudice the request in the complaint's prayer for relief for disgorgement of profits and an award of attorneys' fees. There is no legally cognizable theory that would support either of these requested remedies in this case on the only causes of action not subject to dismissal for failure to state a claim for relief: the breach of contract and breach of the implied covenant of good faith and fair dealing causes of action by Certified Nutraceuticals against MBI.

The available remedies for a breach of contract (including breach of the implied covenant of good faith and fair dealing) do not include disgorgement of profits that the breaching party allegedly reaped as a result of the breach; the only form of disgorgement available for breach of contract is restitutionary damages, which require the breaching party to return the benefit conferred on him by the non-breaching party but do not reach any profits the breaching party obtained from sources other than the non-breaching party. *See, e.g., Potter v. Oster*, 426 N.W.2d 148, 150-52 (Iowa 1988) (describing the various remedies for breach of contract under Iowa law, which do not include disgorgement of profits gained by the breaching party as a result of the breach); Restatement (Second) of Contracts §§ 344, 345, 347, 349, 370, 371 (1981) (setting forth the damages available for a breach of contract claim, which do not include disgorgement of profits obtained by an opportunistic breach of the contract).

Nor is an award of attorneys' fees available on a breach of contract claim (including a claim for breach of the implied covenant of good faith and fair dealing), in the absence of a contractual provision directing an award of attorneys' fees in favor of the prevailing party. *See Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445, 474 (Iowa 2017) (Iowa follows the American rule under which the

SMITH LC

SMITH LC

losing party does not normally pay the prevailing party's attorneys' fees; attorneys' fees are generally recoverable only by statute or under a contract specifying the prevailing party should be awarded its attorneys' fees); *Trope v. Katz*, 902 P.2d 259, 263 (Cal. 1995) (California follows the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees, unless a statute or the contract provides an exception to that rule). No such provision can be found in the contract at issue in this case.

Accordingly, the court should dismiss with prejudice the request in the complaint's prayer for relief for disgorgement of profits and an award of attorneys' fees.

## CONCLUSION

For the foregoing reasons, den Hoed and Certified Nutraceuticals request this court dismiss with prejudice Alkayali as a plaintiff and den Hoed as a defendant to the first and second causes of action (breach of contract and breach of the implied covenant of good faith and fair dealing), and that the court dismiss the third and fourth causes of action (negligent misrepresentation and declaratory relief) in their entirety for failure to state a claim upon which relief can be granted. den Hoed and Certified Nutraceuticals also request this court dismiss with prejudice the plaintiffs' requests in their prayer for relief for damages in the form of disgorgement of profits and an award of attorneys' fees because the complaint states no legally cognizable theory that would support disgorgement of profits or an award of attorneys' fees as available remedies in this case.

Dated: April 27, 2018                    SMITH LC


By: /s/ John S. Clifford
       STEVEN C. SMITH
       JOHN S. CLIFFORD
   Attorneys for Defendants Robert den Hoed
   and Molecular Biology International, Inc.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS