# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT DEN HOED, an individual, et al.,<br><br>Defendants. | Case No.: 3:18-cv-00777-H-LL<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>[Doc. No. 27] |

On December 4, 2018, Plaintiff Certified Nutraceuticals ("Plaintiff") filed a motion to strike portions of Defendant Molecular Biology International, Inc.'s ("MBI") and Robert den Hoed's (collectively, "Defendants") answer and counterclaim. (Doc. No. 27.) On January 8, 2019, Defendants filed a response. (Doc. No. 33.) On January 14, 2019, the Court submitted the motion on the parties' papers. (Doc. No. 35.) On January 15, 2019, Plaintiff filed a reply. (Doc. No. 37.) For the following reasons, the Court denies Plaintiff's Rule 12(f) motion to strike.

## Background

The following facts are taken from the allegations in Plaintiff's second amended complaint. (Doc. No. 21.) On or about February 21, 2013, Plaintiff and Defendant MBI

entered into a written 'Exclusivity Agreement' ("Agreement") in San Diego County, California to co-own U.S. Patent No. 8,344,106 ("'106 Patent"). (Id. ¶¶ 1, 11.) Plaintiff alleges that Ahmad Alkayali was an inventor and co-inventor of the processes involved in the '106 patent, and that Alkayali assigned his ownership right in the patent to Plaintiff. (Id. ¶ 51.) Under the exclusivity agreement, "MBI was to manufacture and sell products exclusively to [Plaintiff] and [Plaintiff] was to exclusively purchase products from MBI." (Id. ¶ 12.) The products are collagen mixtures made from eggshells and are "used for many things such as the healing of wounds, the production of skin creams and shampoo, the treatment of osteoarthritis and osteoporosis, and as an additive for human and pet food." (Id. at 20.) The Agreement specified that it would remain in force during the life of the '106 patent, which remains operative as of the time of this order. (Id. ¶ 13.)

In fall of 2015, Plaintiff alleges that Defendant MBI was "selling the Products to another company for a price less than was being sold to Plaintiff." (Id. ¶ 15.) Plaintiff alleges that "MBI orally agreed to cease and desist the sale of the Products to third-parties" and "the parties confirmed the previous terms and conditions of the Agreement." (Id.) Plaintiff alleges that, on or about June 2017, MBI "continued to sell the Products, notwithstanding the Agreement and the oral settlement reached [.]" (Id. ¶ 16.) Plaintiff alleges that Defendants' breach deprived Plaintiff of profits it was entitled to under the Agreement. (Id. at ¶ 18.)

## Discussion

### I. Legal Standards for Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying

tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); accord Kohler v. Islands Rests., LP, 280 F.R.D. 560, 563–64 (S.D. Cal. 2012); see also Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ("Motions to strike are disfavored and infrequently granted."). In reviewing a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party and accept the factual allegations as true. See Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998); Kelly v. Kosuga, 358 U.S. 516, 516 (1959); PHL Variable Ins. Co. v. Clifton Wright Family Ins. Trust, No. 09CV2344 BTM (POR), 2010 WL 1445186, at *1 (S.D. Cal. Apr. 12, 2010).

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979) (citations omitted); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. It does not, however, require a detailed statement of facts." Islands Restaurants, 280 F.R.D. at 564 (citing Conley, 355 U.S. at 47). "[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" Id. (quoting McArdle v. AT&T Mobility, LLC, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009)); see also Ollier v. Sweetwater Union High Sch. Dist., 735 F. Supp. 2d 1222, 1223–24 (S.D. Cal. 2010) ("Ordinarily a motion to strike will not be granted unless 'the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'"). Further, if a defense is stricken, the court should freely give leave to amend, so long as there is no prejudice to the opposing party. See Fed. R. Civ. P. 15(a)(2); Wyshak, 607 F.2d at 826.[1]

---

[1] The Court notes that a split has developed among district courts within the Ninth Circuit after the United States Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applying a "plausible on its face" standard to the allegations contained in a complaint. Some district courts have suggested that the Twombly/Iqbal plausibility standard applies to affirmative defenses contained in an answer. See, e.g., Dion v. Fulton Friedman & Gullace LLP, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012); Hernandez v. Cty. Of Monterey, 306 F.R.D. 279, 283 (N.D. Cal. 2015). Other district courts have rejected the contention that

## II. Analysis

### A. Allegations in Counterclaim

In their counterclaim, Defendants allege in paragraphs 1–9 that Plaintiff was involved in two prior patent dispute cases. Plaintiff argues that these allegations "relate to patents that are not at issue in this matter, and instead try to paint [Plaintiff] and its counsel in a negative light." (Doc. No. 27 at 6–7.) Defendants argue that these allegations provide helpful context for its declaratory relief and Lanham Act claims and relate to Plaintiff's claim that it holds an ownership interest in the '106 Patent. (Doc. No. 33 at 15.) Defendants also contend that the '106 Patent was part of the two prior patent disputes. (Doc. No. 33 at 17–23.) Finally, Defendants argue that one past case relates to Alkayali's character for truthfulness concerning ownership of patents. (Doc. No. 33 at 19.)

The Court declines to strike the allegations in paragraphs 1–9 of Defendant's counterclaim. Plaintiff's representations in the first alleged patent case are potentially relevant to this case. In addition, Defendants allege in their counterclaim that the second alleged case also concerned the '106 Patent. (See Doc. No. 23 at 15, 17–18.) Under these circumstances, the Court declines to strike the allegations as this dispute would be more effectively resolved at a later stage in this proceeding.

### B. Defenses

Plaintiff argues broadly that the Court should strike Defendants' affirmative defenses, four through twenty, because Defendants failed to provide a factual basis for the defenses. (Doc. No. 27 at 7–8.) Defendants argue that the answer provides fair notice of each affirmative defense, and they provide specific argument as to each defense. (Doc. No. 33 at 8–15.)

///

---

Twombly and Iqbal altered the standard for evaluating the pleading sufficiency of affirmative defenses, and have held that the "fair notice" standard of Wyshak continues to apply. See, e.g., Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013); Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y., No. SACV 13-749-JST JPRX, 2013 WL 3776337, at *1-2 (C.D. Cal. July 17, 2013).

4

## I. Fourth Affirmative Defense

In their fourth affirmative defense, Defendants assert that Plaintiff's claims are barred due to lack of consideration and failure of consideration. (Doc. No. 23 at 11.) Defendants argue that Plaintiff has fair notice of this defense because, in Defendants' counterclaim, they allege that Plaintiff failed to make timely payment for products it purchased, failed to deliver or pay for other products, and failed to use reasonable efforts to market and sell products covered in their agreement. (Doc. No. 33 at 9.) After reviewing the pleadings, the Court concludes that the fourth affirmative defense gives Plaintiff fair notice of the defense and is adequately supported by allegations in the answer.

## II. Fifth Affirmative Defense

In their fifth affirmative defense, Defendants assert that Plaintiff's claims are barred due to mutual mistake. (Doc. No. 23 at 11.) Defendants argue that Plaintiff has fair notice of this defense because Plaintiff alleges that the parties intended to co-own the '106 Patent while Defendants allege that Defendant den Hoed is the sole owner of the patent. (Doc. No. 33 at 9–10.) After reviewing the pleadings, the Court concludes that the fifth affirmative defense gives Plaintiff fair notice of the defense and is adequately supported by allegations in the answer.

## III. Sixth Affirmative Defense

In their sixth affirmative defense, Defendants assert that Plaintiff's claims are barred by accord and satisfaction. Defendants argue that Plaintiff has fair notice of this defense because Plaintiff alleges the parties entered into an oral settlement agreement to resolve the lawsuit in Iowa in the fall of 2015. (Doc. No. 33 at 10–11; See Doc. No. 21 at 5 ¶ 15.) After reviewing the pleadings, the Court concludes that the sixth affirmative defense gives Plaintiff fair notice of the defense and is adequately supported by allegations in the answer.

## IV. Seventh Affirmative Defense

In their seventh affirmative defense, Defendants assert that Plaintiff's claims are barred because the alleged oral contract is indefinite and the parties never actually agreed to its terms. (Doc. No. 23 at 11.) Defendants argue Plaintiff has fair notice of this defense

because they denied the allegations that the parties entered into an enforceable oral contract. (Doc. No. 33 at 11.) After reviewing the pleadings, the Court concludes that the seventh affirmative defense gives Plaintiff fair notice of the defense and is adequately supported by allegations in the answer.

## V. Eighth, Ninth, Tenth, Twelfth, Sixteenth, and Twentieth Affirmative Defenses

Defendants assert that Plaintiff's claims are barred by estoppel, the statute of frauds, statutes of limitations, laches, unclean hands, bad faith, and waiver. (Doc. No. 23 at 11–12.) Defendants argue that for well-established defenses such as these, Plaintiff is given fair notice by Defendants' naming the defenses. (Doc. No. 33 at 11.) Defendants also argue that Plaintiff is given fair notice based on "the lengthy history between the parties alleged in the pleadings." (Doc. No. 33 at 12–13.) After reviewing the pleadings, the Court concludes that the affirmative defenses at issue give Plaintiff fair notice of the defenses as they are well-established and are adequately supported by allegations in the answer. See DC Labs Inc. v. Celebrity Signatures Int'l, Inc., No. 12-CV-01454 BEN DHB, 2013 WL 4026366, at *4 (S.D. Cal. Aug. 6, 2013) ("For well-established defenses, merely naming them may be sufficient, but for others, a party may need to allege additional factual matter to provide fair notice." (citing Ganley v. Cnty. of San Mateo, C06-3923-THE, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007))).

## VI. Eleventh Affirmative Defense

In their eleventh affirmative defense, Defendants assert that Plaintiff's claims are barred because Plaintiff lacks standing. (Doc. No. 23 at 11.) Defendants argue that they alleged that Plaintiff "never held any ownership interest in the '106 Patent, which would deprive it of standing to seek a declaratory judgment that it owns all or part of the patent." (Doc. No. 33 at 13.) After reviewing the pleadings, the Court concludes that the eleventh affirmative defense gives Plaintiff fair notice of the defense and is adequately supported by allegations in the answer.

/ / /

/ / /

### VII. Thirteenth, Fourteenth, Fifteenth, Seventeenth, Eighteenth, and Nineteenth Affirmative Defenses

Defendants assert several affirmative defenses related to the damages Plaintiff seeks to recover. (Doc. No. 23 at 12.) Defendants maintain that Plaintiff's damages are limited (1) "because the damages it alleges were the result of unrelated, preexisting, or subsequent conditions unrelated to Defendants' conduct"; (2) by the economic loss rule; (3) by Plaintiff's failure to mitigate its alleged damages; (4) because the damages are not legally cognizable and speculative; (5) "because punitive damages are not permissive for the claims asserted in the Second Amended Complaint"; and (6) by the defense of recoupment. (Id.) Defendants argue that each of these defenses is self-explanatory and provides fair notice to Plaintiff. (Doc. No. 33 at 13.) After reviewing the pleadings, the Court concludes that the affirmative defenses at issue give Plaintiff fair notice of the defenses and are adequately supported by allegations in the answer.

### Conclusion

For the reasons above, the Court denies Plaintiff's Rule 12(f) motion to strike.

**IT IS SO ORDERED.**

DATED: January 24, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT